

## MONELL CLAIM

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

2:25-cv-00625

JOSEPH MULLA, Plaintiff,

v.

KANAWHA COUNTY COMMISSION,

WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES (DHHR),

JUDGE KENNETH BALLARD,

JUDGE JENNIFER BAILEY,

JUDGE TERA SALANGO,

JUDGE STEPHANIE ABRAHAM,

MARY SCHRADER (CPS),

NATHAN PHILLIPS (CPS),

ALEX MAYER (DHHR),

Defendants.

## COMPLAINT UNDER 42 U.S.C. § 1983 (MONELL CLAIM)

### I. JURISDICTION AND VENUE

This action arises under 42 U.S.C. § 1983, the United States Constitution, and federal law. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court because the events giving rise to this complaint occurred in Kanawha County, West Virginia.

### II. PARTIES

Plaintiff Joseph Mulla is a resident of Kanawha County, West Virginia.

### III. DEFENDANTS AND SPECIFIC ALLEGATIONS

**Judge Kenneth Ballard**

- Ordered Plaintiff's filings to be routed to his chambers instead of the clerk's office.

- Denied Plaintiff access to courthouse on October 1, 2025.

- Threatened sanctions and labeled filings frivolous without hearings.

### Judge Jennifer Bailey

- Refused to hear evidence of abuse in Plaintiff's custody case.

- Dismissed filings without due process.

- Maintained bias due to campaign contributions and prior petition against her.

### Judge Tera Salango

- Ignored court order requiring removal of children from Karen Crawford's home.

- Dismissed Plaintiff's motions without hearing.

- Allowed ex parte communication from GAL.

### Judge Stephanie Abraham

- Recused herself after being named in a federal lawsuit but dismissed Plaintiff's case beforehand.

- Denied due process by ruling without hearings.

### Mary Schrader (CPS)

- Provided false statements in custody matters.

- Suppressed evidence of abuse disclosures.

- Acted in coordination with GAL Sandra Bullman to silence Plaintiff's granddaughter.

### Nathan Phillips (CPS)

- Interviewed Plaintiff's granddaughter but failed to follow up on disclosures.

- Ignored coercion by the child's grandmother.

- Participated in cover-up of CPS misconduct.

### Alex Mayer (DHHR)

- Directed Plaintiff be barred from DHHR property without lawful cause.

- Retaliated against Plaintiff for filing complaints.

- Failed to investigate CPS misconduct despite being notified.

**Kanawha County Commission**

- Responsible for courthouse security officers who denied Plaintiff entry.

- Maintained policy/custom of funneling Plaintiff's filings directly to Judge Ballard.

**West Virginia DHHR**

- Maintained custom/policy of shielding CPS misconduct.

- Permitted retaliatory practices against Plaintiff, including denial of building access and suppression of evidence.

## IV. CAUSES OF ACTION

### Count I – 42 U.S.C. § 1983 (Monell Liability)

Against Kanawha County Commission and DHHR for customs/policies that caused denial of access to courts, due process, and equal protection.

### Count II – 42 U.S.C. § 1983 (Due Process Violations)

Against all individual defendants for depriving Plaintiff of liberty and property interests without notice or hearing.

### Count III – 42 U.S.C. § 1983 (Equal Protection & Retaliation)

Against all defendants for targeting Plaintiff with disparate treatment and retaliation for filing complaints.

### Count IV – First Amendment Retaliation

Against all defendants for blocking Plaintiff's access to courts, punishing speech, and restricting visitation/custody claims.

### Count V – Negligence / Gross Negligence (WV law)

Against CPS workers, DHHR, and County for failing to protect Plaintiff's granddaughter and for cover-ups.

### Count VI – Abuse of Process (WV law)

Against judges and CPS for misuse of judicial and administrative procedures to silence Plaintiff.

### Count VII – Intentional Infliction of Emotional Distress (WV law)

Against all defendants for deliberate retaliation, emotional harm, and systemic misconduct.

### Count VIII – Civil Conspiracy (WV law)

Against all defendants collectively for coordinated retaliation and denial of rights.

### Count IX – Violation of West Virginia Constitution, Article III

Against all defendants for denial of due process, equal protection, and open courts guarantees under state constitution.

## V. RELIEF REQUESTED

- Declaratory judgment that Defendants violated Plaintiff's constitutional rights;

- Injunctive relief prohibiting further retaliation or denial of access to the courts;

- Compensatory damages in the amount of $5,000,000;

- Punitive damages against the individual defendants;

- Any additional relief deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

_\[signature\]_
Joseph Mulla
8 Muggleburg Lane
South Charleston, WV 25309
Phone: 304-205-3869
Email: kru369@aol.com


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served upon all parties by U.S. Mail on this date.

_\[signature\]_
Joseph Mulla

Notary: _\[signature\]_ Hohn
Date: 10/8/25
My Commission Expires: May 7, 2029

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Sierra Haberfield
South Charleston Public Library
312 4th Avenue
South Charleston WV 25303
My Commission Expires May 7, 2029

```
                IN THE CIRCUIT COURT OF KANAWHA COUNTY

                            WEST VIRGINIA


    JOSEPH MULLA,


           Plaintiff,

           V.                              NO. 25-C-355


    LIAM'S PLACE, LLC,

           Defendant.


           TRANSCRIPT OF PROCEEDINGS HELD before the Honorable
    Kenneth D. Ballard, Judge, on a OTSC, Attorney's Fees hearing
    on Tuesday, the 24th day of June, 2025 at 10:12 A.M.




                            APPEARANCES:


    On Behalf of the Plaintiff:

        JOSEPH MULLA, Pro Se
        8 Muggleburg Lane
        South Charleston, West Virginia 25309
```

```
 1
 2      On Behalf of Defendant:
 3
          PAUL SALUJA, ESQUIRE
 4        Saluja Law Offices, PLLC
          Post Office Box 3856
 5        Charleston, West Virginia 25338
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

    (Tuesday, June 24, 2025 at 10:12 a.m.)

THE COURT: Okay.

We're on the record in case number 25-C-355.

If the parties could note their appearance for the record, please.

Sir, what's your name?

MR. MULLA: I'm acting as pro se, I'm Joseph Mulla.

THE COURT: Okay.

MR. SALUJA: Paul Saluja on behalf of Liam's Place.

THE COURT: All right.

I have got this scheduled for an Order to Show Cause at today's hearing.

Mr. Saluja, I believe you also have a motion for attorney's fees.

MR. SALUJA: That is correct, Your Honor.

THE COURT: All right.

Mr. Mulla, this case is here today, I issued an Order to Show Cause as to why I shouldn't hold you, sanctions as to Rule 11 with regards to your current filings.

Do you want to speak to that?

1   MR. MULLA:  Yes, I can.

2   I thought I was going to do some opening here.

3   Yeah, I can.

4   If you could give me a moment to do this.

5   Give me one moment here.

6   I, originally, on Tuesday of last week, I was

7   notified, or I actually notified the Court that

8   the transcripts, in the original case with Hardy,

9   were motioned by the Defendant to bring forward.

10   As a result I wasn't, because of the holidays,

11   I wasn't able to actually receive this until

12   Saturday.  So I haven't had a whole lot of time to

13   respond in terms of reading this and reading it

14   through.

15   So that being the case, I did file --

16   THE COURT:  You are not allowed to record

17   anything in the courtroom.  I don't know if you

18   have some sort of camera.

19   GENTLEMAN:  Could I make a oral request?

20   THE COURT:  No.

21   You may continue.

22   MR. MULLA:  Thank you, sir.

23   I should stand, I am sorry.

24   I filed the motion Tuesday of last week

1    indicating that I needed more time to prepare
2    because, you know, getting these two days before
3    court is kind of like a due process issue.  So I
4    would like to address that first, if we can.
5         Would that be okay?
6         THE COURT:  No.
7         I asked you a question, and I'm asking you to
8    answer it.
9         MR. MULLA:  Okay.
10        So the due process issue with this is null and
11   void, we will leave that alone then.
12        So you are asking me to respond to the fact
13   that the, he is saying that he wants to get,
14   rebuttal the claim for the costs and fees.
15        Okay.
16        THE COURT:  No, I am asking you, we're here
17   today because you had filed a case and there was a
18   pending motion for a dismissal.  And then prior to
19   that you filed a new case about the same
20   allegations.
21        That's the second time that you have done
22   this.
23        You did that in another case that was pending
24   in front of me.

1    And we're having this hearing so it's clear to
2    you, clear to you, that these cases are done.  Do
3    you understand?
4        You filed two cases in this particular case
5    against Liam's Place and you filed another one
6    against the Guardian ad Litem Mrs. Bullman.  Both
7    of those cases are finished.  All right?
8        So there won't be any further filings against
9    those people.
10       So this is your notice today, if there is
11   additional filings against those same people with
12   the same allegations, you are going to be subject
13   to Rule 11 sanctions.  Do I make myself clear?
14       MR. MULLA:  I understand.
15       THE COURT:  Okay.
16       MR. MULLA:  So then I filed the Judge Hardy,
17   which you are very aware of, and Judge Hardy as a
18   result, okay, if you let me read this, this is my
19   rebuttal or my response to your asking me that
20   question.
21       Plaintiff turned -- submits his rebuttal -- if
22   I may drink a little water here.
23       Okay.
24       May I sit down, Your Honor?  My legs hurt.

```
 1         THE COURT:  You may sit.
 2         MR. MULLA:  Thank you.
 3         Okay.
 4         Dismissal based on immunity is not finding or
 5    frivolous, he is accusing me of being frivolous,
 6    that's one of the accusations.
 7         Dismissal on the grounds of legal immunity
 8    does not equate to a frivolous filings.  Immunity
 9    is a defense, not a ruling that lawsuit lacked
10    legal merit.
11         Supreme Court held that on unsuccessful
12    lawsuits are not frivolous when they assert
13    plausible legal claims.
14         I have plausible legal claims.
15         THE COURT:  You asserted zero causes of
16    action.
17         You listed off several paragraphs of facts,
18    you put no causes of action in any of your
19    complaints.  Zero.  No causes of action.
20         MR. MULLA:  I listed in my complaint the fact
21    that, number one, okay, Liam's Place --
22         THE COURT:  You didn't assert any legal
23    claims.
24         All you had was factual allegations.  And then
```

```
 1        wanted a hundred dollars in punitive damages.
 2            MR. MULLA:  I --
 3            THE COURT:  That is not a petition.
 4            That is not a -- there is no legal basis for
 5        your complaint.
 6            You provided no causes of action.  Zero.
 7            MR. MULLA:  I gave --
 8            THE COURT:  That's why your petitions were
 9        dismissed, there is no causes of action.
10            MR. MULLA:  I gave case law, but Judge Hardy
11        allowed me to -- the original case with Judge
12        Hardy, the reason that he dismissed it without
13        prejudice, because he heard on, unlike your court,
14        he actually heard --
15            THE COURT:  You sued the wrong person in front
16        of me.
17            MR. MULLA:  Exactly.
18            So then what I did, okay, what I did is I
19        ended up suing the right entity.
20            That's, when I refiled this case, I did not
21        refile it suing Erica Lord.  I filed it suing
22        Liam's Place, which is not the same entity.
23            I was told to do so by a sitting circuit
24        judge, Judge Hardy, said you have a legitimate
```

```
 1    claim here, but you are suing the wrong
 2    individual.
 3         So what your court is trying to tell me that
 4    because I filed a legal --
 5         THE COURT:  No, this is -- let me tell you
 6    what this court is telling you, because I don't
 7    want you to put words in my mouth.
 8         MR. MULLA:  Well --
 9         THE COURT  I want you to hear it from me.
10         You are filing a complaint against Liam's
11    Place --
12         MR. MULLA:  Yes.
13         THE COURT:  -- with no causes of action, zero.
14         All you wrote was a bunch of allegations,
15    factual allegations, with no causes of action.
16    Zero.  You have done it twice.
17         You did it twice against the Guardian ad
18    Litem.
19         We're having this hearing is because I want
20    you to understand that you are not going to file a
21    bunch of lawsuits about this stuff and not have
22    any causes of action and waste -- you are wasting
23    my court time right now.  Wasting my court time.
24         And I just want you to understand before I
```

```
 1    impose sanctions on you, because I am not going to
 2    tolerate it.
 3          If you want to file a lawsuit against Liam's
 4    Place then get an attorney or file a complaint
 5    that has causes of action.  You don't have it.
 6       MR. MULLA:  If I may continue.
 7       THE COURT:  You may not.
 8       MR. MULLA:  You asked me to respond to his
 9    allegations here.
10       THE COURT:  I just told you.
11       MR. MULLA:  I have a right to respond.
12       THE COURT:  You don't have a right to do
13    anything.
14       MR. MULLA:  What do you mean I don't have a
15    right to do anything?
16    Then what are we doing here?
17       THE COURT:  For me to tell you to stop filing
18    frivolous suits.
19       MR. MULLA:  This is not a frivolous lawsuit.
20       THE COURT:  I just told you that it was.  And
21    I have made findings of such.
22       MR. MULLA:  Judge Hardy said that it isn't.
23       THE COURT:  Okay, good.
24       MR. MULLA:  Okay, then we're done.
```

```
 1        THE COURT:  We are done.
 2        MR. MULLA:  Do what you do.
 3        That's all we can do.
 4        I mean you are going to do what you are going
 5   to do.
 6        I promise that I am not going to make any
 7   frivolous lawsuits.
 8        THE COURT:  You have already.
 9        MR. MULLA:  I have not.
10        Sir, I was accused from his organization that
11   he is representing and I am going to pursue that.
12        THE COURT:  Okay.
13        I am saying is, if you file it again, then you
14   are going to be subject to Rule 11 sanctions,
15   because its been dismissed.
16        MR. MULLA:  Its been dismissed by you, it has
17   not been dismissed by Judge Hardy.
18        THE COURT:  Okay.
19        Good day, sir.
20        MR. MULLA:  Think of a number because I'm
21   refiling it.
22        THE COURT:  Okay.  Sure.
23        MR. MULLA:  Thank you.
24        THE COURT:  You're welcome.
```

12

1    Have a good day, sir.
2    MR. MULLA:  I will see you in federal court.
3    THE COURT:  Have a good day.
4    WHEREUPON the proceedings were then concluded
5  at 10:21 a.m.

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, Natalie Wandling, Official Reporter of the Circuit Court of Kanawha County, West Virginia, and Certified Court Reporter, do hereby certify that the foregoing is a true and correct transcript of the proceedings had and testimony taken in the action of Joseph Mulla v. Liam's Place, LLC, Case No. 25-C-355, on Tuesday, the 24th day of June, 2025.

I hereby certify that the transcript within meets the requirements of the Code of the State of West Virginia, 51-7-4, and all rules pertaining thereto as promulgated by the Supreme Court of Appeals.

Given under my hand this 13th day of July, 2025.

*[signature: Natalie L. Wandling]*

Natalie L. Wandling
Official Reporter, Circuit Court of Kanawha County, West Virginia

# CAUSES OF ACTION

## Count I – Due Process Violations Under 42 U.S.C. § 1983 (Color of Law)

Against Kanawha County, its Judges, and Officials in Their Official Capacities

Plaintiff realleges and incorporates all preceding paragraphs.

Defendants acted under **color of law** by using their official judicial or governmental authority to deny Plaintiff's constitutional rights.

### Judge Kenneth Ballard
- Ordered that Plaintiff's filings be submitted only to him, diverting them from the Clerk's Office and assigned judges.
- On October 1, 2025, his directive caused Plaintiff to be physically denied courthouse access, preventing the filing of motions.
- This constitutes obstruction of access to the courts, forced ex parte submission, and denial of due process.

### Judge Jennifer Bailey
- Refused to hear evidence of child abuse despite Plaintiff's legal standing, stating "we're not going to hear about that here."
- Ignored repeated CPS violations of prior court orders.
- Allowed bias to taint proceedings due to her financial and personal relationships with attorneys and the guardian ad litem.
- By suppressing critical evidence and refusing to enforce prior orders, she denied Plaintiff a meaningful opportunity to be heard.

### Judge Stephanie Abraham
- Recused herself on grounds that she was a litigant in Plaintiff's federal lawsuit, but before doing so dismissed cases without providing hearings or addressing motions.
- Her dismissal of actions without due process deprived Plaintiff of his day in court.

### Judge Richard Lindsay
- Dismissed Plaintiff's case against Assistant Prosecutor Ryanne Ball despite clear video evidence showing her acting outside her authority.
- Ignored Plaintiff's right to default judgment in another matter, instead converting it into a trial and dismissing it without legal basis.
- His actions demonstrate bias and denial of equal application of court rules.

### Judge Carrie Webster
- Converted a simple appeal into a new trial, allowing the defendant to introduce additional accusations not part of the original record.
- Refused to require proof or evidence when Plaintiff challenged false accusations.
- By turning appellate review into an improper trial, she deprived Plaintiff of fair process and created an unlawful barrier to relief.

Ref. Code: 25OJHZQUX

FILED | 8/1/2025 2:15 PM
CC-20-2025-P-311
Kanawha County Circuit Clerk
Cathy S. Gatson

## ADMINISTRATIVE ORDER

### SUPREME COURT OF APPEALS OF WEST VIRGINIA

RE:   KANAWHA COUNTY CASES INVOLVING JOSEPH MULLA

By letter dated July 25, 2025, the Honorable Kenneth Ballard, Chief Judge of the Eighth Judicial Circuit, advised the Chief Justice of the Supreme Court of Appeals that he, along with the Honorable Jennifer F. Bailey, the Honorable Tera L. Salango, the Honorable Carrie L. Webster, the Honorable Stephanie Abraham, the Honorable Maryclaire Akers, the Honorable David J. Hardy, and the Honorable Richard D. Lindsay, II, Judges of the Eighth Judicial Circuit, request to be voluntarily recused from presiding over the following Kanawha County cases involving Joseph Mulla:

*J.M. v. K.C.*, Case No. 24-CIGR-27;
*Joseph Mulla v. Erica Lord*, Case No. 24-C-735;
*Joseph Mulla v. Lance Wheeler as Commissioner of Kanawha Co.*, Case No. 24-C-736;
*Joseph Mulla v. Sandra Bullman*, Case No. 24-C-1065;
*Joseph Mulla v. Liam's Place LLC*, Case No. 24-C-1322;
*Joseph Mulla v. Ryanne Ball*, Case No. 25-C-4;
*Joseph Mulla v. Liam's Place LLC*, Case No. 25-C-355;
*Joseph Mulla v. Sandra Bullman*, Case No. 25-C-413;
*Joseph Mulla v. Atalie Snow*, Case No. 24-C-1174;
*Joseph Mulla v. Karen Crawford*, Case No. 24-P-562;
*Joseph Mulla v. Karen Crawford*, Case No. 25-C-145;
*Joseph Mulla v. Samantha Holcomb Baxter*, Case No. 25-C-775;
*Joseph Mulla v. Honorable Judge Carrie Webster*, Case No. 25-P-311;
*Joseph Mulla v. Judge Jennifer Bailey*, Case No. 25-P-314;
*Joseph Mulla v. Judge Richard D. Lindsay*, Case No. 25-P-315; and
*Joseph Mulla v. Liam's Place LLC*, Case No. 25-C-820.

In accordance with Rules 17.02 and 17.01(c) of the West Virginia Trial Court Rules, the Chief Justice has determined that the reasons stated in Judge Ballard's letter do not warrant the recusal of the judges currently assigned to each of the cases referenced herein.

IT IS THEREFORE ORDERED that the requests for voluntary recusal by the Kanawha County Circuit Court Judges are denied.

IT IS FURTHER ORDERED that the Circuit Clerk of Kanawha County record this Order in the Office of the Clerk and provide copies of the same to all parties of record or their counsel.

ENTERED: JULY 31, 2025

WILLIAM R. WOOTON
Chief Justice

## Monell Claim – Definition

A Monell claim is a civil rights lawsuit brought under 42 U.S.C. § 1983 against a local government entity (such as a city, county, or agency). It comes from the Supreme Court case Monell v. Department of Social Services, 436 U.S. 658 (1978). Under Monell, a government body cannot be held liable just because one of its employees violated someone's rights (no automatic liability). Instead, the plaintiff must prove that: 1. A constitutional violation occurred (such as denial of due process, unlawful seizure, free speech retaliation, etc.). 2. The violation was caused by a policy, custom, or practice of the government entity (official rule, widespread practice, or decision by a policymaker with final authority). 3. The policy/custom was the moving force behind the constitutional harm. Relief may include damages, injunctive relief, and declaratory relief.