**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOSEPH MULLA,

                    Plaintiff,

v.                                                                   CIVIL ACTION NO.   2:25-cv-00625

KANAWHA COUNTY COMMISSION, et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636. On November 5, 2025, Magistrate Judge Tinsley submitted his Proposed Findings & Recommendation ("PF&R"), [ECF No. 5], and recommended that the court **DENY** the Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, [ECF No. 1], and **DISMISS** this action. Thereafter, Plaintiff filed objections to the PF&R. [ECF No. 6].

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The court has reviewed *de novo* those portions of the PF&R to which Plaintiff has filed specific

1

objections. For the reasons set forth below, I find that Plaintiff's objections lack merit[1] and adopt and incorporate herein the Magistrate Judge's PF&R.

This is not Plaintiff's first time bringing this lawsuit in the Southern District. On May 12, 2025, Plaintiff first sued in a case before Judge Irene Berger. [2:25-cv-00310, ECF No. 2]. Liberally construing Plaintiff's complaint, Judge Berger dismissed Plaintiff's complaint for jurisdictional defects and failure to state a claim upon which relief could be granted and found that amendment would be futile. [*Id.*, ECF No. 9, at 3, 6]. On the same day that Plaintiff objected to the Magistrate's PF&R in Judge Berger's case and before Judge Berger issued her opinion, [*Id.*, ECF No. 8], Plaintiff filed a nearly identical lawsuit before Judge Johnston. [2:25-cv-00360, ECF No. 1]. Judge Johnston also dismissed the case and denied Plaintiff's Motion to Amend. [*Id.*, ECF No. 12].

Plaintiff has again brought a lawsuit that is substantially similar to his previous ones. In his past cases, Plaintiff named Judge Tera Salango, Judge Stephanie Abraham, Judge Jennifer Bailey, and the "State of West Virginia, by and through its Family Court Division, CPS, and Judiciary." [2:25-cv-00360, ECF No. 1, at 6; 2:25-cv-00310, ECF No. 2-3]. In the present matter, Plaintiff has sued Judge Kenneth Ballard in addition to the previously named judges. Plaintiff has also named the West Virginia Department of Health and Human Resources ("DHHR"),[2] Mary Schrader

---

[1] In addition to the numerous issues with Plaintiff's Complaint, Plaintiff's objections to the PF&R suffer from fatal deficiencies. "Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997). In his objections, Plaintiff made general statements and essentially restated his Complaint. This is insufficient.

[2] Notably, DHHR ceased to go by the name "DHHR" as of January 1, 2024. DHHR was reorganized into three separate departments—none of which are named in this suit. *See* W. Va. Dep't of Health & Human Res., *Homepage*,

("CPS"), Nathan Phillips ("CPS"), Alex Mayer ("DHHR"), and Kanawha County Commission. [ECF No. 2].

I find that Plaintiff's claims against the same defendants are barred based on res judicata. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008). I find that Judge Ballard is immune from suit as he acted within his judicial capacity. *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) ("Judicial immunity is strong medicine. When it applies it is absolute. It not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit." (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam))). To the extent that the DHHR could be construed as a different party, suit is nonetheless barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989) (explaining that "a State is not a 'person' within the meaning of § 1983"); *Adams v. Ferguson*, 884 F.3d 219, 224 (4th Cir. 2018) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

"This immunity also applies to 'judgment[s] against a public servant in his official capacity.'" *Adams*, 884 F.3d at 224–25 (quoting *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). But the court need not get to the analysis of whether Defendants Schrader, Phillips, and Mayer were sued in their personal or official capacities because Plaintiff has not sufficiently pled his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A complaint must contain

---

https://dhhr.wv.gov/Pages/default.aspx.

3

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Iqbal*, 556 U.S. at 570. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

Plaintiff has repeatedly submitted complaints with conclusory allegations without pleading specific facts. Plaintiff has alleged that Defendants harmed him, but he uses generalized terminology like "false statements" and "misconduct" without elaborating on the substance of those allegations or how they plausibly constitute specific violations. [ECF No. 2]. For these reasons, Plaintiff also has not sufficiently pled a claim against Kanawha County Commission.

In addition to the aforementioned defects, federal law cautions against the exercise of jurisdiction in this case. While Plaintiff is not explicitly asking this court to review or modify a state court decision, he is asking the court to review the procedures and personnel relied upon or used in the state court's decision. "The *Rooker-Feldman* doctrine bars consideration not only of issues actually presented to and decided by a state court, but also of constitutional claims that are 'inextricably intertwined with' questions ruled upon by a state court, as when success on the federal claim depends upon a determination 'that the state court wrongly decided the issues before it.'" *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)). Here, Plaintiff's claims are "'inextricably intertwined with' question ruled upon by the state court," and thus there is no federal jurisdiction.[3]

---

[3] Without federal jurisdiction, there is also no basis for supplemental jurisdiction over the state law claims. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. § 1367(a).

Accordingly, the court adopts and incorporates herein the PF&R and supplements with this Memorandum Opinion and Order. The court **OVERRULES** Plaintiff's objections to the PF&R, **DENIES** the Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, [ECF No. 1], and **DISMISSES with prejudice** this action from the court's docket.

The court notes that this is Plaintiff's third complaint now dismissed by a judge in this district. Each complaint has contained nearly identical allegations against substantially similar parties, and no complaint has remedied the issues identified in the other cases. Accordingly, Plaintiff's continuous and meritless filings in the district will not be tolerated, and the court will not continue to waste resources. Plaintiff is hereby on notice that if he files another complaint alleging the same facts, the court will issue a show cause order, requiring Plaintiff to state why his actions should not be sanctioned pursuant to Federal Rule of Civil Procedure 11.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:       April 20, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5